

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) WAYNE M FOURNERAT, ESQ. <br><br> Plaintiff, <br><br> vs. <br><br> (1) REED SMITH LLP of Delaware a Domestic limited liability partnership; <br> (2) REED SMITH LLC , an international commercial organization incorporated in England and Wales <br> (3) TAMARA BOX, ESQ , a resident of the U K; <br> (4) REED SMITH LLC, a Pennsylvania ltd. liability corporation; <br> (5) REED SMITH GLOBAL SOLUTIONS, an international commercial organization; <br> (6) DAVID WEISS, ESQ. , a California resident; <br> (7) STAN PERRY, ESQ., a Texas resident; <br> (8) JACKSON WALKER, LLP, a Texas ltd liability partnership; <br> (9) CHRISTINA VITALE, ESQ., a Texas resident; <br> (10) the fifteen (15) unnamed lawyers of CROWE DUNLEVY, LLP, an Oklahoma ltd liability partnership; <br> (11) TAMARA BOX, in her individual Capacity <br><br> All Defendants in joint and Several liability, <br><br> Defendants. | Case No . CIV-22-315-JFH-JAR |

## REPORT AND RECOMMENDATION

Plaintiff, a former licensed attorney in Oklahoma now proceeding pro se, brings this action for **1)** Legal Estoppel; **2)** Forced Labor pursuant to 18 U.S.C. §§ 1589(a)(2),(3), and (4) and 1595(a); **3)** Trafficking in forced labor in violation

of 18 U.S.C. §§ 1590(a); and **4)** Forced Labor in violation of 18 U.S.C. §§ 1589(a)(4) and 1595(a) against Tamara Box. Doc. 15 – Plaintiff's Second Amended Complaint. United States District Judge John F. Heil, III referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636. Doc. 32. This matter is also before this Court on Defendant Crowe & Dunlevy, and Defendants Reed Smith, LLP, David Weiss, Stan Perry, Jackson Walker, LLP, and Christina Vitale's Motions to Dismiss. (Docket Nos. 27 and 34).

## I.   BACKGROUND

Plaintiff represented Richard Glossip ("Glossip") in Glossip's first murder trial in June 1998. Glossip was found guilty of murder and sentenced to death. That conviction was overturned by the Oklahoma Court of Criminal Appeals based on ineffective assistance of counsel. *Glossip v. State*, 2001 OK CR 21, 29 P.3d 597. Since that time, Plaintiff has obsessed over the findings of the Court of Criminal Appeals, has filed numerous lawsuits, and had interactions with the Oklahoma Bar Association. *See In Re: Matter of Reinstatement of Wayne Morris Fournerat*, Case No. SCBD - 7039, Okla. Sup. Ct. In an action against Governor Stitt and Donald Knight, Glossip's counsel in his later proceedings, Plaintiff requested declaratory and injunctive relief. That Court found the precise nature of Plaintiff's request was difficult to decipher, as "the majority of the Complaint is little more than a disjointed collection of conclusory statements". *Fournerat v. Knight*, 20-cv-377-C (W.D. Okla. Sept. 10, 2020). That action was dismissed due to an absence of standing and failure to state a plausible claim. See *Id.*, Dkt. 26.

In a separate federal lawsuit, Plaintiff brought claims under 42 U.S.C. §§ 1983 and 1985 against (1) the Wisconsin Law Review; (2) Rodney Uphoff, who authored an article for the 2006 Law Review that was critical of Plaintiff's criminal representation of an Oklahoma death row inmate; (3) Janet Chesley, a public defender with the Oklahoma Indigent Defense System who represented the death row inmate on retrial after the inmate's conviction was overturned due to Plaintiff's ineffective assistance of counsel and who provided some information to Mr. Uphoff for the article; (4) Dan Murdock, general counsel for the Oklahoma Bar Association; (5) former Wisconsin Governor Jim Doyle; (6) the Board of Regents of the University of Wisconsin; (7) Kerry Burchill Murphy, the 2006 Notes and Comments editor of the Law Review; and (8) Lola Velazquez-Aguilu, the 2006 Editor-in-Chief of the Law Review. Plaintiff's claims against those defendants primarily related to the Law Review article's criticism of his performance in defending the death row inmate. *See* Rodney Uphoff, *Convicting the Innocent: Aberration or Systemic Problem?,* 2006 Wis. L.Rev. 739, 746-47. That lawsuit was dismissed, and the dismissal was upheld by the 10th Circuit Court of Appeals. See *Fournerat v. Wisconsin L. Rev.*, 420 F. App'x 816, 819-20 (10th Cir. 2011).

In 2022, Defendant Reed Smith, LLP, a law firm, was selected by the Oklahoma Legislature to undertake an independent investigation of the *Glossip* case. Defendant Crowe & Dunlevy has assisted, on a limited basis, as local counsel in Oklahoma. The independent investigation spanned nearly four (4) months with a team of over 30 attorneys, three (3) investigators, and two (2)

3

paralegals. The team included attorneys with both prosecutorial and criminal defense experience. Over 3,000 hours were spent *pro bono*. The initial report was published on June 15, 2022, with several supplements thereafter. Plaintiff claims that his understanding was that Reed Smith would "make public to the world 'the truth, the whole truth, and nothing but the truth,'" thereby restoring Plaintiff's reputation so that he could re-apply for admission to the Oklahoma bar and release him from "an indebtedness publicly owed, morally owed, and owed to Richard Glossip."

Plaintiff, obviously not satisfied with the report, now brings this current lawsuit against this new set of Defendants. Plaintiff's Second Amended Complaint in the present action continues his quixotic quest to rewrite history and target others who had no role in the underlying criminal case. Throughout the twenty-three pages he continually references the underlying criminal case, which did not involve any of the named Defendants in this matter, alleges conspiracies and coverups, and refers to the numerous lawsuits Plaintiff has brought to clear his name. This crusade against the current Defendants follows nearly the identical pattern of Plaintiff's previous federal lawsuits. Plaintiff rehashes and perseverates on the underlying criminal case and attempts to find new and obscure causes of actions against a batch of new defendants. Plaintiff's attempt at crafting a lawsuit based on the facts he has alleged with the new legal theories of 1) Legal Estoppel; 2) Forced Labor pursuant to 18 U.S.C. §§ 1589(a)(2),(3), and (4) and 1595(a); 3) Trafficking in forced labor in violation of 18 U.S.C. §§ 1590(a); and 4) Forced Labor in violation of 18 U.S.C. §§ 1589(a)(4)

and 1595(a) against these new Defendants must meet the same fate as his previous attempts. This matter should be Dismissed With Prejudice against all Defendants.

## II.   LEGAL STANDARD

A court may dismiss a complaint *sua sponte* "[i]f 'it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing [the plaintiff] an opportunity to amend his complaint would be futile.'" *King v. Oklahoma City*, 06-cv-1308-VML, 2007 WL 1519014, at *2 (W.D. Okla. May 21, 2007) (alteration in original) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991) (additional citations omitted). In determining whether dismissal is proper, the court must accept all well-pleaded factual allegations as true and construe them in a light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se*, the court must construe pleadings liberally and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court must not assume the role of advocate on behalf of a *pro se* litigant. *Id.* And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## III. ANALYSIS

### A. THE SECOND AMENDED COMPLAINT IS SUBJECT TO DISMISSAL UNDER RULE 8

Rule 8 requires that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the plaintiff fails to satisfy this "notice pleading" requirement, he may be subject to dismissal. "[D]ismissal is proper under Rule 8 where a *pro se* complaint is unreasonably long, rambling, and otherwise filled with irrelevant material." *Coosewoon v. United States*, 18-cv199-TDG, 2018 WL 1221396, at *1 (W.D. Okla. Mar. 8, 2018) (citing *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (affirming dismissal of 99-page complaint because "[i]n its sheer length, [plaintiff] has made her complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter").

Here, the Second Amended Complaint is so rambling, prolix, and unintelligible "that its true substance, if any, is well disguised." *In re Williams Sec. Litig.*, 339 F. Supp. 2d 1242, 1267 (N.D. Okla. 2003) (citation omitted). As noted above, the Second Amended Complaint consists of twenty-three pages that cover a host of topics and disjointed matters. Most, if not all, of these topics have little bearing on the Defendants, and the connection of most Defendants to the case is obscure and remote at best.

As previously stated, the Western District of Oklahoma has dismissed a case brought by Plaintiff for violations of Rule 8. *See Fournerat v. Knight*, 20-cv-

377-C (W.D. Okla. Sept. 10, 2020). Dismissal is appropriate here as well. Discussions of prolix pleadings often address documents which are dozens to hundreds of pages long. *See, e.g., Mann,* 477 F.3d at 1148 (affirming dismissal of 83-page pro se complaint). Here, Plaintiff's Second Amended Complaint, while not the longest of complaints, still contains twenty-three pages of nearly incomprehensible information as it relates to these Defendants. This is far afield of Rule 8's requirements of a short and plain statement showing Plaintiff is entitled to relief. "Pro se litigants are subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Gabriel v. Windy Hill Foliage Inc.,* No. 21-12901, 2022 WL 2288687, at *2 (11th Cir. June 24, 2022). Plaintiff's 23-page Second Amended Complaint, nearly half of which is devoted to Plaintiff's narrative of the underlying crime, is so convoluted that it fails to demonstrate any entitlement to relief. In fact, Plaintiff submits a Second Amended Complaint that is "incomprehensible" as a matter of law. *See Whitehead v. Shafer,* 295 F. App'x 906, at 908 (10th Cir. 2008) ("The complaint recites an array of statutory and common-law causes of action with little, if any, connection to the factual allegations. Indeed, the factual allegations themselves are sufficiently confusing and disjointed so as to render the legal claims incomprehensible."). Dismissal is reasonable and warranted. Accordingly, the Second Amended Complaint should be dismissed with prejudice for failure to comply with Rule 8.

B.  **THE SECOND AMENDED COMPLAINT IS SUBJECT TO DISMISSAL BECAUASE PLAINTIFF LACKS STANDING AND IS SUBJECT TO DISMISSAL PURSUANT TO F.R.C.P. 12(b)(1)**

A motion under rule 12(b)(1) can be made on the ground that the Plaintiff lacks standing and therefore the court lacks subject matter jurisdiction. *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1188–89 (10th Cir. 2000). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted). To satisfy Article III standing, Plaintiff must show an injury in fact, fairly traceable to the challenged action, that is redressable by the relief sought. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). In considering whether standing exists, we focus individually on each plaintiff and on each claim for relief asserted. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) ("[A] plaintiff must demonstrate standing separately for each form of relief sought.").

An injury satisfies the Article III standing requirement only if the injury is "'concrete and particularized' and 'actual or imminent, not "conjectural" or "hypothetical."'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). This injury-in-fact requirement "helps to ensure that the plaintiff has a 'personal stake in the outcome of the controversy.'" *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Therefore, "a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized

as to him." *Raines v. Byrd*, 521 U.S. 811 (1997); *see also id.* at 818 (requiring a plaintiff to "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief" (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984))). "[A] dispute solely about the meaning of the law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies.'" *Alvarez v. Smith*, 558 U.S. 87, 93 (2009). Article III of the U.S. Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. CONST. ART. III, § 2, cl. 1. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Indeed, there is no "case" or "controversy" if a plaintiff lacks standing to sue. *See Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). "It is well established that any party, including the court sua sponte, can raise the issue of standing for the first time at any stage of the litigation, including on appeal." *New England Health Care Emps. Pension Fund v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008). Furthermore, standing must be established "for each claim," *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)), and it "is determined at the time the action is brought," *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007).

To establish the "irreducible constitutional minimum" of standing, *Lujan*, 504 U.S. at 560, a party must prove the following: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not

9

conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *New England Health Care*, 512 F.3d at 1288. "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc.*, 136 S. Ct. at 1547. *See also Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 663–64 (1993) (internal citations and quotation marks omitted). Plaintiff cannot satisfy these elements.

A close reading of Plaintiff's Second Amended Complaint clearly demonstrates he has failed to plead facts satisfying the standing requirement. Plaintiff uses his Second Amended Complaint and his responses to Defendants' Motions to Dismiss (Docket Nos. 31 and 35) to rehash the same arguments he believes would exculpate Glossip if made public. Plaintiff does identify "damages" he has allegedly suffered, ranging from cardiac events and involuntary committals to loss of reputation and loss of consortium; however, there are no reasonable connections between those "damages" and any of the named Defendants' alleged actions in his Second Amended Complaint. Plaintiff, as he had in past lawsuits against various other defendants, takes issue with the findings of Reed Smith's investigation, because they do not support his theory of the case, a theory which he admits the district court found, and the Oklahoma Court of Criminal Appeals affirmed, to be "incomprehensible." Plaintiff also fails to allege a concrete and particularized actual or imminent injury caused by any actions of Crowe and Dunlevy. This Court cannot fathom an outcome where a

favorable decision would redress whatever unarticulated injuries, he might have against any of the named Defendants in this action. Plaintiff's *Response to Motion to Dismiss* filed on December 29, 2022, (Docket No. 31), makes clear the purpose of this lawsuit: (1) "multiple lawsuits to clear his name and reputation as an attorney;" and (2) an attempt to preserve the exculpatory evidence by filing multiple lawsuits and attaching copies of the evidence to the court file because Plaintiff was loosing (sic) everything." Dkt. 31, p. 2 at ¶2 and n. 9. Plaintiff's loss of reputation and bar license is not redressable by a favorable decision in this case. This Court appreciates Plaintiff's honesty; however, those reasons do not support a claim under any theory. Without injury, causation, or actual damages caused by the Defendants, Plaintiff lacks standing to bring this claim under Article III. Therefore, the Court lacks jurisdiction and Plaintiff's Second Amended Complaint should be dismissed in its entirety with prejudice under Fed. R. Civ. P. 12(b)(1).

### IV. AMENDMENT WOULD BE FUTILE

The Court further finds that allowing Plaintiff leave to amend his Second Amended Complaint would be futile, because he has failed to state a claim for relief under a viable cause of action. Plaintiff has failed to plead facts demonstrating any cognizable cause of actions exist, and further Plaintiff lacks either constitutional or prudential standing to pursue his claims. *See Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend

where amendment would be futile[.] A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

## V.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed above, the undersigned recommends that Defendant Crowe & Dunlevy, and Defendants Reed Smith, LLP, David Weiss, Stan Perry, Jackson Walker, LLP, and Christina Vitale's Motions to Dismiss (Docket Nos. 27 and 34) be **GRANTED**. The Court further recommends the Second Amended Complaint against the remaining Defendants who have not entered an appearance at this time be **DISMISSED WITH PREJUDICE**. A court may dismiss a complaint *sua sponte* "[i]f 'it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing [the plaintiff] an opportunity to amend his complaint would be futile.'" *King v. Oklahoma City*, 06-cv-1308-VML, 2007 WL 1519014, at *2 (W.D. Okla. May 21, 2007) (alteration in original) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991) (additional citations omitted).

Plaintiff is given fourteen (14) days from the date of the service of this Report and Recommendation to file any objections with a supporting brief under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of the order of the District Court based on such findings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Plaintiff's objection, if filed, shall be limited to ten (10) or less pages.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this 15th day of June 2023.

_____
Jason A. Robertson
United States Magistrate Judge